IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE VILMARIE ORTIZ ARROYO

Debtor

CASE NO. 15- 05634 (ESL)

CHAPTER 13

OPINION AND ORDER

This case is before the court upon the Chapter 13 Trustee's (hereinafter referred to as the "Trustee") *Motion to Alter or Amend Order (Docket No. 16)* (Docket No. 19) in which the Trustee argues that the court's Order should be amended to deny the Debtor's request for the reconsideration of the July 27, 2015 Order (Docket No. 12) because Debtor's application failed to comply with 28 U.S.C. §1930 and Fed. R. Bankr. P. 1006(b) since the same had the following deficiencies: (i) it was not signed; (ii) it was not prepared as prescribed by the Official Form B 3A; and (iii) the Debtor's request to pay in installments the filing fee was not supported by her income and expenses in Schedules I and J. The Debtor filed an amended *Motion Opposing Trustee's Request to Set Aside* (Docket No. 27).  For the reasons stated below the Trustee's *Motion to Alter or Amend Order* is hereby denied.

Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1) and (b)(2). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

Facts and Procedural Background

The Debtor filed the instant bankruptcy petition under Chapter 13 of the Bankruptcy Code on July 24, 2015. On July 24, 2015, the Debtor filed her proposed plan in which she

-1-

indicated that the $310 filing fee would be paid through the plan as an administrative expense and prior to any disbursement under this plan. The plan indicated that the filing fees would be paid by the Trustee to the Clerk of the Court (Docket No. 2). On July 24, 2015 the Debtor filed Official Form B 3A which is the *Application for Individuals to Pay the Filing Fee in Installments* (Docket No. 8). The Debtor disclosed on the application that she proposed to pay the filing fee in the amount of $310.00 on or before 11/21/15 and that the same would be paid through the plan by the Chapter 13 Trustee. The Debtor also disclosed that that she was paying $0 with the filing of the petition. The application was signed by the Debtor and by her attorney utilizing the electronic signature method.  The 341 meeting of creditors was scheduled and closed on August 26, 2015 (Docket Nos. 9 & 29).  On July 27, 2015, the court denied the Debtor's motion requesting to provide payment of the filing fees in installments. The court stated that the Debtor's request failed to comply with P.R. LBR 1006-1 and Fed. R. Bankr. P. 1006-1(b) (Docket No. 12).

On July 27, 2015, the Debtor filed a *Motion to Reconsider & Set Aside Denial of Payment of Filing Fees in Installments* arguing that: (i) the $50 required to be paid at the time of the petition by P.R. LBR 1006-1(a) appears to require more than what is required by Fed. R. Bankr. P. 1006 and appears to be in contravention with Fed. R. Bankr. P. 1006(b)(2); (ii) the Debtor requests to be allowed to pay the filing fee in installments or through the plan within 120 days from the filing or on or before 11/24/15; (iii) the Debtor's proposed plan dated July 23, 2015 provides for the payment of the $310 filing fee by the Trustee as an administrative expense before any payment to other parties under the proposed plan; and (iv) Debtor's request for payment in installments of the filing fee has been prepared as prescribed by the Official Form which provides the alternative that the fee be paid through the plan in addition to the option of paying the same "in up to four installments" (Docket No. 13).

On July 30, 2015, the court granted the Debtor's motion for reconsideration (Docket No. 13) and ordered as follows:

-2-

"[t]he filing fees shall be paid in full within one hundred and twenty (120) days from petition date, either by the Chapter 13 Trustee from available funds, or directly by the Debtor. Upon failure to comply, the court may dismiss the case pursuant to 11 U.S.C. §1307(c)(2)" (Docket No. 16).

On August 6, 2015, the Trustee filed a *Motion to Alter or Amend Order (Docket No. 16)* pursuant to Fed. R. Civ. P. 59(e), made applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9023. The Trustee argues that the Debtor's application to pay the filing fee in installments fails to comply with 28 U.S.C. §1930 and Fed. R. Bankr. P. 1006 based on the following: (i) "Official Form [No.] B 3A was modified to add an alternate way of repayment of the filing fee, not prescribed in the form. Debtor included the following statement in Part 1, Section 2, which is the section where the installment is described: '(x) or, balance to be paid through plan by Chapter 13 Trustee.' The modified Official Form B 3A was not signed by the debtor, and she stated her inability to pay the full filing fee at once and her preference to pay the fee in installments;" and (ii) the Debtor's inability to pay the filing fee and thus request to pay the same in installments within 120 days from the petition date is not supported by her income and expenses. Debtor's Schedule I evinces a net monthly income, after payroll deductions of $2,009.41. Schedule J discloses monthly expenses which total $1,884.00 of which $468.00 are discretionary expenses. These discretionary expenses [1] do not support Debtor's position that she is unable to pay the filing fee in one installment. The Trustee argues that the Debtor should be able to pay the filing fee within 30 days by making minor adjustments to her discretionary expenses. The Trustee further argues that the July 30, 2015 Order whereby it approved Debtor's application is unclear due to the following: (i) it "fixed the number of payments to one, the amount of the payment to $310 and the date of the payment to on or before November 21, 2015 (date equal to 120 days from the petition date). Regarding

---

[1] Amongst the Debtor's expenses, the discretionary expenses consist of: (i) $100 for telephone, cell phone, internet, satellite and cable services; (ii) $100 for entertainment, clubs, recreation, newspapers, magazines, and books; (iii) $82 for clothing, laundry, and dry cleaning, (iv) $25 for charitable contributions and religious donations; and (v) $100 for emerg/misc/savings (Docket No. 19).

-3-

who is responsible for the fixed payment, the Court incorporated the two alternative methods of paying the filing fee in 120 days, as proposed in the 'application,' 'either by the chapter 13 trustee from available funds or directly by the debtor;'" (ii) the approved "application" alternative plan provision implies that the installment payments will be paid through the plan because it references a Chapter 13 plan dated July 23, 2015 (Docket No. 2), which discloses that the filing fees of $310 will be paid by the Trustee to the Clerk of the Court as soon as practicable as an administrative expense prior to any other distribution. The Debtor does not contemplate making the payment, "only the Trustee appears to be called for making the $310 filing fee payment;" (iii) the July 30, 2015 Order fails to explain whether the "Trustee [has] to wait until the debtor has paid sufficient available funds to make one single payment of $310 or should the Trustee make monthly disbursements to the Clerk of the Court as funds become available until the $310 are paid in full. The approved "application" (Dkt No. 8) does not shed light as to how the Trustee should make the filing fee payment since the same provides alternate exclusive methods: directly 'on or before' 11/21/15 or 'balance to be paid through the plan by Chapter 13 Trustee'" (Docket No. 19).

On August 13, 2015, the court ordered the Debtor to state her position within fourteen (14) days as to the Trustee's motion to alter or amend Order at Docket entry #16 (Docket No. 20). On August 19, 2015, the Debtor filed an amended *Motion Opposing Trustee's Request to Set Aside* arguing as follows: (i) Fed. R. Bankr. P. 1006 does not prohibit that the filing fee be paid through the plan. It does limit the number of installment payments to four (4) and the time to pay the filing fee in its entirety which is 120 days which may extended to 180 days for just cause; (ii) the option to pay the filing fee in installments is for a debtor that has a low CMI (current monthly income) and shows a negative disposable income of (-$1,504.89), since the total deductions allowed pursuant to 11 U.S.C. §707(b)(2)(A) amount to $3,755.71 in the Official Form B 22C-1; (ii) no exception has been found prohibiting a debtor to provide his or her electronic signature in the application to pay the filing fees in installments; (iii) Fed. R.

-4-

Bankr. P. 1006 is sufficiently broad to allow disbursements either through three (3) installment payments by the Trustee to the Clerk, or by payment of the entire fee within three (3) months to the Clerk; (iv) Debtor's proposed plan dated July 23, 2015 provides for the payment of the $310 filing fee by the Trustee as an administrative expense before any payment to other parties contemplated under the proposed plan in conformity with Fed. R. Bankr. P. 1006; (v) the application states that the debtor is unable to pay the filing fee except as requested; and (vi) after filing the petition, the Debtor's vehicle needed major repairs and the Debtor incurred in a total of $691.89 of unforeseen and unbudgeted vehicle expenses which has contributed to Debtor's inability to pay the filing fee other than through the proposed plan (Docket No. 27).

Subsequently, on October 23, 2015, the Debtor paid the filling fee of $310 (Docket Nos. 38 & 39). The payment of the filing fee by the Debtor on October 23, 2015 does not moot the Trustee's motion for reconsideration in its entirety since the same is premised on the argument that the court improvidently granted the Debtor's application to pay the filing fee in installments or through the plan since the same was contrary to 28 U.S.C. §1930 and Fed. R. Bankr. P. 1006(b).

### Applicable Law and Analysis

*Fed. R. Civ. P 59(e)*

A motion for reconsideration of an order or judgment is not recognized by the Federal Rules of Civil Procedure. In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999) *aff'd,* 2001 WL 958803 (1st Cir. 2001) (citing Van Skiver v. United States, 952 F. 2d 1241, 1243 (10th Cir. 1991)). Federal courts treat such a motion as either a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) or a motion for relief of judgment under Fed. R. Civ. P. 60(b). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within fourteen (14) days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e).

-5-

If the motion is served after that time, it falls under Rule 60(b). Id. In the instant case, the Trustee's motion for reconsideration was filed seven (7) days after the Order for which reconsideration was sought was entered. Therefore, the motion will be treated as one under Fed. R. Civ. P. 59(e) made applicable here through Fed. R. Bankr. P. 9023.

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. Pabon Rodriguez, 233 B.R. at 218 (citations omitted). The movant "must either clearly establish a manifest error of law or must present newly discovered evidence." Id. See also; BBVA v. Vazquez (In re Vazquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997). The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Id. Generally, when a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Rule 59(e) motion. Id. Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. Id. The federal courts have consistently stated that a motion for consideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. Id. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Id.

After a careful review of the *Order* (Docket No. 16), the court concludes that the Trustee's *Motion to Alter or Amend Order* does not establish a manifest error of law or presents newly discovered evidence. Therefore, the court finds that the *Motion for Reconsideration* does not meet the Fed. R. Civ. P. 59(e) standard.

*28 U.S.C. §1930 and Fed. R. Bankr. P. 1006*

Chapter 123 of Title 28 provides the filing fees to be paid in Chapter 13 cases. 28 U.S.C. §1930(a)(1)(B)[2] provides that in a Chapter 13 case the filing fee is $235 and there is an additional $75 noticing fee to be paid upon the filing of every case under title 11. Additional fees are prescribed by the Judicial Conference of the United States pursuant to 28 U.S.C. §1930(b)[3]. 28 U.S.C. §1930(a) generally requires payment of the filing fees to be paid at the time of filing the petition or "an individual commencing a voluntary case or a joint case under title 11 may pay such fee in instalments." 28 U.S.C. §1930(a)(7).

Fed. R. Bankr. P. 1006 provides in pertinent part that:

"(a) General Requirement. Every petition shall be accompanied by the filing fee except as provided in subdivisions (b) and (c) of this rule. For the purpose of this rule, "filing fee" means the filing fee prescribed by 28 U.S.C. §1930(a)(1)-(a)(5) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. §1930(b) that is payable to the clerk upon commencement of a case under the Code.

(b) Payment of Filing Fee in Installments.

(1) Application to Pay Filing Fee in Installments. A voluntary petition by an individual shall be accepted for filing if accompanied by the debtor's signed application, prepared as prescribed by the appropriate Official Form, stating that the debtor is unable to pay the filing fee except in installments.

(2) Action on Application. Prior to the meeting of creditors, the court may order the filing fee paid to the clerk or grant leave to pay in installments and fix the number, amount and dates of payment. The number of instalments shall not exceed four, and the final installment

---

[2] 28 U.S.C. §1930(a)(1)(B) provides that: "[t]he parties commencing a case under title 11 shall pay to the clerk of the district court or the clerk of the bankruptcy court, if one has been certified pursuant to section 156(b) of this title, the following filing fees:
    (1) For a case commenced under—
       ---
      (B) chapter 13 of title 11, $235."

[3] 28 U.S.C. §1930(b) provides that: "[t]he Judicial Conference of the United States may prescribe additional fees in cases under title 11 of the same kind as the Judicial Conference prescribes under section 1914(b) of this title." 28 U.S.C. §1930(b).

shall be payable not later than 120 days after filing the petition. For cause shown, the court may extend the time of any installment, provided the last installment is paid not later than 180 days after filing the petition." Fed. R. Bankr. P. 1006(a), (b)(1), (2).

Fed. R. Bankr. P. 1006(b) provides a debtor that is an individual the option to pay the filing fee in installments, if he or she is unable to pay the same except in installments. The debtor must complete Official Form B 3-A, *Application for Individuals to Pay the Filing Fee in Installments* and the court must rule on the application. Fed. R. Bankr. P. 1006(b)(2) establishes that the number of instalments must not exceed four (4) and that the last instalment must be paid no later than 120 days after the petition. However, if just cause is shown, the court may extend the time of any installment provided that the last installment is paid not later than 180 days after the petition date. Fed. R. Bankr. P. 1006(b)(2). "However, the rule does not dictate that the case must automatically be dismissed if the debtor, does, in fact, complete payment of the filing fee beyond the 180-day deadline. While the court may dismiss the case in such circumstances, it also has the discretion to allow the case to continue." Alan N. Resnick & Henry J. Sommer, 9 Collier on Bankruptcy ¶ 1006.03[2] (16th ed. 2015); See also Fed. R. Bankr. P. 1017(b)(1); 11 U.S.C. §§707(a), 1112(b), 1208(c), 1307(c).

The Collier treatise on bankruptcy has the following comments: "Rule 1006(b) is clear in providing that if such an application is filed in an individual case, no payment of fees can be required as a precondition to filing a petition. The clerk cannot require the first installment payment at the time of the petition, unless that is what the application proposes." Alan N. Resnick & Henry J. Sommer, 9 Collier on Bankruptcy ¶ 1006.03[1] (16th ed. 2015). "Although the language section 1930(a) of title 28 appears to permit any individual chapter 7 or chapter 13 debtor to pay the fee in installments, some courts believe they may deny the application for installment payments. However, this rarely occurs. If the court does deny the application, the debtor should be given a brief period in which to pay the full filing fee." Id.

-8-

The filing fee may be paid in instalments directly by the debtor, particularly in Chapter 7 cases in which there is no plan and the debtor does not qualify for a fee waiver pursuant to 28 U.S.C. §1930(f)(1), or it may be paid through the plan.  Fed. R. Bankr. P. 1006(b) permits the filing fee to be paid through the Chapter 13 plan. "If the filing fee is to be paid through the Chapter 13 plan, then in lieu of specifying the frequency of instalments, counsel should state in the application that 'payment through the plan' is proposed." Keith M. Lundin & William H. Brown, <u>Chapter 13 Bankruptcy</u>, 4th Edition, §38.3, at ¶[2], Sec. Rev. Aug. 17, 2009, www.Ch13online.com. Thus, the Official Form B 3-A should be modified to state "payment through plan" instead of specific instalments. <u>See</u> Keith M. Lundin & William H. Brown, <u>Chapter 13 Bankruptcy</u>, 4th Edition, §36.6, at ¶[3], Sec. Rev. Aug. 12, 2009, www.Ch13online.com.  If a Chapter 13 debtor needs to pay the filing fee through the plan, the plan should include a provision under 11 U.S.C. §1322(a)(2) for deferred payment and the debtor should file the application to pay the filing fee installments. <u>See</u> Keith M. Lundin & William H. Brown, <u>Chapter 13 Bankruptcy</u>, 4th Edition, §100.5, at ¶[3], Sec. Rev. Sept. 24, 2010, www.Ch13online.com.

In the instant case, the Debtor's application to pay the filing fee provided that the same would be paid on or before 11/21/2015 by the Chapter 13 Trustee. Thus, the application falls within the parameters permitted by Fed. R. Bankr. P. 1006(b).  Moreover, debtor's plan dated July 24, 2015 proposed that the $310 filing fee "shall be paid thru Plan as an administrative expense & prior to any other disbursement under this Plan" (Docket No. 2).  The court initially denied the Debtor's application to pay the filing fees and ordered as follows: "[o]rder denying application to pay the filing fee in instalments. The request fails to comply with P.R. LBR 1006-1 and Fed. R. Bankr. P. 1006. The court notes the requirement in P.R. LBR 1006-1(b)" (Docket No. 12). However, the Debtor filed a *Motion for Reconsideration & Set Aside Denial of*

*Payment of Filing Fees in Installments* (Docket No. 13) which the court granted.[4] The court's Order granting the Debtor's reconsideration stated that: "[t]he filing fees shall be paid in full within one hundred and twenty (120) days from petition date, either by the chapter 13 Trustee from available funds, or directly by the debtor. Upon failure to comply, the court may dismiss the case pursuant to 11 U.S.C. §1307(c)(2)" (Docket No. 16). Thus, the court's Order is consonant with the provisions of Fed. R. Bankr. P. 1006.

The Trustee also argues that the Debtor's inability to pay the filing fee and the request to pay the same in installments within 120 days from the petition date is not supported by her income and expenses as listed in Schedules I and J. In particular, the Trustee argues that the Debtor should be able to pay the filing fee within 30 days by making minor adjustments to her discretionary expenses. The court finds that contrary to the application for waiver of the filing fee (Official Form B 3B), which requires detailed information regarding a debtor's financial situation, in a chapter 13 case it does not have to conduct a totality of the circumstances test to determine whether the debtor is eligible to pay the filing fees in installments within 120 days from the petition date or through the chapter 13 plan within the same 120 days. The court's

---

[4] The court notes that it granted Debtor's motion for reconsideration because the requirements established by P.R. LBR 1006-1(a) are inconsistent with Fed. R. Bank. P. 1006(b)(2) and are not aligned with the objective of Fed. R. Civ. P. 83 which is to preserve federal procedural consistency without proscribing some flexibility. Moreover. Fed. R. Bankr. P. 9029(a) provides:

"(1) Each district court acting by a majority of its district judges may make and amend rules governing practice and procedure in all cases and proceeding within the district court's bankruptcy jurisdiction which are consistent with—but not duplicative of –Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms. Rule 83 F.R. Civ. P. governs the procedure for making local rules. A district court may authorize the bankruptcy judges of the district, subject to any limitation or condition it may prescribe and the requirements of 83 F.R. Civ. P., to make and amend rules of practice and procedure which are consistent with—but not duplicative of—Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms. Local rules must conform to any uniform numbering system prescribed by the Judicial Conference of the United States.

(2) A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement."

Fed. R. Bankr. P. 9029(a)(1) & (2).

P.R. LBR 1006-1(a) may address concerns in a Chapter 7 scenario, but does not consider the particularities of a Chapter 13 case, particularly §1325(a)(2) and Fed. R. Bankr. 1006.

discretion is broader in chapter 13 cases as there is a chapter 13 plan that must comply with 11 U.S.C. §1325(a)(2), that is, "any fee, charge, or amount required under chapter 123 of title 28, *or by the plan*, to be paid before confirmation has been paid." 11 U.S.C. §1325(a)(2) (emphasis added). Thus, a chapter 13 plan may provide for the payment of the filing fees within 120 days from petition date, or within 180 days if extended by the court.

The Trustee further argues that the Official Form B 3A was not signed by the debtor because it had debtor's electronic signature and not the debtor's wet signature. The court finds that the Debtor's electronic signature in the application to pay the filing fee in installments complies with Fed. R. Bankr. P. 5005(a)(2)[5] and P.R. LBR 5005-4(j)[6].

---

[5] Fed. R. Bankr. P. 5005(a)(2) provides that: "[a] court may by local rule permit or require documents to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes. A local rule may require filing by electronic means only if reasonable exceptions are allowed. A document filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules, the Federal Rules of Civil Procedure made applicable by these rules, and §107 of the Code." Fed. R. Bankr. P. 5005(a)(2).

[6] P.R. LBR 5005-4(j) provides: "[p]etitions, lists, plans, schedules, statements, amendments, pleadings, affidavits, stipulations, and other documents which must contain original signatures, documents requiring verification under Fed. R. Bankr. P. 1008, and unsworn declarations under 28 U.S.C. §1746, shall be filed electronically and bear 'electronic signatures' including the /s/. The Electronic Filer shall retain the original documents containing the original documents containing the original signatures for two (2) years after the case is closed. This retention period does not affect or replace any other retention periods required by other applicable laws or rules. The Electronic Filer must produce all such original documents for review or filing at the request of a party in interest or upon order of the court." P.R. LBR 5005-4(j).

Conclusion

In view of the foregoing, the court finds that the Trustee's motion for reconsideration does not establish that there was an intervening change in the controlling law, a clear error, or newly discovered evidence. In a chapter 13 case the filing fee may be paid under a chapter 13 plan within 120 days from petition date. Therefore, the Trustee's motion reconsideration is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 9th day of November, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge