## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| IN RE<br>VILMARIE ORTIZ ARROYO<br>SSN #7652<br>    Debtor | BANKRUPTCY 15-05634 ESL<br>CHAPTER 7 |
|---|---|

## DEBTOR OPPOSITION TO TRUSTEE UNTIMELY REQUEST TO ENLARGE TIME TO OBJECT TO DISCHARGE TO OCTOBER 21, 2018

TO THE HONORABLE COURT:

COMES NOW, debtor through her legal representation and respectfully responds and opposes the untimely and unsupported request to enlarge the time to object discharge:

1. We are in receipt of the Chapter 7 Trustee's Motion to Extend Time to Object Debtor's Discharge filed at doc #101.

2. Trustee's 2 paragraph motion states:

   *"The last day to object to the Debtors discharge was July 23, 2018. Inadvertently, the motion requesting extension of time was not filed before. The Trustee seeks a 90-day extension of time to object to Debtors' Discharge; to and including October 21, 2018."*

3. Debtor opposes any extension and least of all to an extension that is longer than the 60 days codified by the drafters of the Bankruptcy Code.

4. Debtor further opposes any extension of time to the Chapter 7 Trustee since the request and motion fails to plead a reason for the extension or cause for the extension or the basis for possibly having elements to warrant an objection to this debtor's discharge.

5. The motion is unsupported, lacks cause and is an abuse of the provisions that govern such an important part of an honest but unfortunate debtor's right to a discharge.

6. The request by the chapter 7 trustee has failed to plead or show evidence of cause as contemplated under Fed. R. Bankr. P. Rules 1017(e) or 4004(b) to obtain additional time in which to file either a motion to dismiss under 11 U.S.C. §707(b)(3) or a Complaint to Deny Discharge under 11 U.S.C. §727(a).

7. Debtor respectfully submits that the chapter 7 Trustee has not offered any evidence demonstrating due diligence or any other reason to grant her request and thus, no "cause" exists as contemplated under Fed. R. Bankr. P. Rules 1007(e) and 4004(b) warranting any

extension of time and more so when the time to act has since passed.

8. Fed. R. Bankr. P. 4004(a) provides that:

*In a chapter 7 case, a complaint, or a motion under §727(a)(8) or (a)(9) of he Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a).*

Fed. R. Bankr. P. 4004(b) further allows for extension of time:

*(1)* *On motion of any party in interest,* **after notice and hearing**, *the court may* **for cause extend the time to object to discharge**. *Except as provided in subdivision (b)(2),* **the motion shall be filed before the time has elapsed.**

*(2)* **A motion to extend the time to object to discharge may be filed after the time for objection has expired** *and before discharge is granted* **if** *(A)* **the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under §727(d) of the Code, and** *(B)* **the movant did not have knowledge of those facts in time to permit an objection**. *The motion shall be filed promptly after the movant discovers the facts on which the objection is based.*

Emphasis provided.

**Trustee's Extension Motion is Not Supported by an**
**Adequate Showing of "Cause" & is Untimely**

The "for cause" term in Fed. R. Bankr. P. 1017(e)(1) must be read in conjunction with the same "for cause" provision in Rule 4004(a) & (b) (which limits the time to object to a debtor's discharge), and in Rule 4007(c) (which limits the time to file a complaint to determine the dischargeability of a debt). Each of those rules require that the subject action be taken within 60 days after the § 341(a) meeting of creditors, unless the court extends the time for cause. Since Rules 1017(e), 4004(a) & (b) and 4007(c) all deal essentially with the right to receive chapter 7 relief, then the standard for application of the time limits in those Rules should be consistent. Identical words used in different parts of the Rules should be given the same meaning. See *Sullivan v. Stroop*, 496 U.S. 478, 484 (1990) (citations omitted) (applying the "normal rule of statutory construction" that identical words used in the same body of statutory law are intended to have the same meaning). Thus, this Court may look to cases interpreting the "for cause" exception in one of any of these Rules for guidance in its application to the other Rules.

The moving party has the burden of proof to show cause to extend the time for matters relating to the debtor's discharge. See *In re Stonham*, 31,7 B.R. 544 (Bankr. D.Colo. 2004) (interpreting the "for cause" exception in Rule 4007(c) which limits the time to file a dischargeability complaint). The same standard has been applied to motions for additional time under Rule 1017(e)(1). *Molitor*, 395 B.R. at 205. The movant's burden of proof cannot be "satisfied with only a

scintilla of evidence." *Stonham*, 317 B.R.544, 547 (Bankr. Colo. 2004). The movant seeking an extension of time for cause must "establish at least a reasonable degree of due diligence to be accorded the requested extension." *Molitor*, 395 B.R. at 205 (citing *Stonham*, 317 B.R. at 547).

The power to extend the 60-day deadlines prescribed in the Rules "rests entirely within the discretion of the bankruptcy judge and should not be granted without a showing of good cause, and without proof that the creditor acted diligently to obtain facts within the bar date... but was unable to do so." *In re Farhid*, 17,1 B.R. 94, (N.D. Cal. 1994). The power is to be exercised cautiously and not where lack of diligence by the creditor appears. Id. at 97.

The Supreme Court's decision in *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992) strictly construed the 30-day deadline in Rule 4003(b) for filing objections to a debtor's exemptions. 503 U.S. at 643-45. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." Id. at 644. "Thus, the Taylor holding that any right to an extension must be strictly construed should carry over to analysis of discharge/dischargeability extensions." *Desiderio*, 209 B.R. 342, 346 (Bankr. E D Pa 1997).

The "strict construction" standard is further supported by the fact that Rule 9006(b), the general procedural rule for enlarging the time limits under the other Rules, specifically excludes the deadlines in Rules 1017(e), 4004(a) and 4007(c) from its application. Rule 9006(b)(3). As a result of this exclusion, the courts may not consider an untimely motion to enlarge the 60-day deadline in those Rules and may not consider whether the failure to act was the result of excusable neglect. Rule 9006(b)(1); See also *Desiderio*, 209 B.R. at 345.

One court, considering the request under Rule 4004(b) for an extension of time to object to the chapter 7 discharge, compiled a list of "cause" factors which the court should consider. *In re Nowinski*, 29,1 B.R. 302 (Bankr. S.D. N.Y. 2003). The four *Nowinski* factors applicable here are: (1) whether the moving party had sufficient notice of the deadline and information to file an objection, (2) the complexity of the case, (3) whether the moving party has exercised diligence, and (4) whether the debtor has been uncooperative or acted in bad faith. Id. at 305-06.

Debtor submits that none of the factors or elements of *Nowinski* are applicable herein and Trustee is wrong here in alleging at ¶1 that debtor failed to submit the required documentation requested at the initial §341 Meeting of Creditors.

Admittedly, debtor's counsel caused the uploading of the required §521 documentation to the wrong case but on the same date the documentation was again uploaded to the correct case. After Trustee spoke to debtor's counsel, the documentation was uploaded once again together with additional documentation requested by the chapter 7 trustee at the §341. Although requested the documentation is strictly not required in a converted chapter 7 proceeding, this attorney nevertheless caused to be uploaded the post-petition pay advices and bank statements.

Since Hurricane Maria and with the change in internet provider this attorney continues with difficulty in uploading documents to the Trustee recently from her office. Notwithstanding, our debtor's documentation as required in this district have always and consistently been uploaded and

after Hurricane Maria, with all the difficulties with Epiq upload, our uploads are being uploaded from another attorney's office to avoid delay or problems in processing of the §521 documentation.

Although Trustee has not specifically given this as her "cause" for her untimely request for extension of time, we suspect this to be her concern. We know of no other reason or cause [not pled by trustee] that could possibly warrant cause for her delay in her untimely request to extend the time to object to debtor's discharge to 90 unreasonable days extension.

**WHEREFORE**, debtor respectfully opposes the untimely extension of time requested by the trustee as the same fails to show due diligence by the trustee and/or fails to show "cause" to warrant such an exaggerated and unreasonable length of time to delay this debtor's discharge. Debtor does not waive her right to have this motion heard at a duly convened hearing by the Court.

### CERTIFICATE OF SERVICE

That on this same date a true and exact copy of the Motion has been electronically filed and caused to be noticed to all party's participant in CmECF which includes the U.S.T. and the C7 Trustee.

MONSITA LECAROZ ARRIBAS ustpregion21.hr.ecf@usdoj.gov

NOREEN WISCOVITCH RENTAS courts@nwr-law.com, nwiscovitch@ecf.epiqsystems.com

DATED: July 29, 2018

s/ L.A. MORALES
LYSSETTE MORALES VIDAL
USDC PR #120011
L.A. MORALES & ASSOCIATES P.S.C.
URB VILLA BLANCA
#76 AQUAMARINA STREET
CAGUAS, PUERTO RICO 00725-1908
TEL: 787-746-2434 / 787-258-2658
FAX 1-855-298-2515
E-MAIL: lamoraleslawoffice@gmail.com &
irma.lamorales@gmail.com